UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES HENRY ANDERSON, | ) | Case No. 1:21-cv-01451-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |
| DR. OLGA BEREGOVSKAYA, | ) ) | |
| Defendant. | ) ) ) ) | |

Plaintiff James Henry Anderson is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed September 29, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Prisoners are required to exhaust before bringing suit. Booth, 532 U.S. at 741. From the face of Plaintiff's Complaint, it is clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where failure to

exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal....") (overruled on other grounds by Albino, 747 F.3d at 1168-69); see also Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).' ") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

There are currently two levels of review within the California prison administrative grievance process. Cal. Code Regs. tit. 15, §§ 3482, 3483, 3486. Generally, "[c]ompletion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to a claimant within the Department." Cal. Code Regs. tit. 15, § 3486. The Supreme Court has held that there are no "special circumstances" exceptions to the exhaustion requirement. Ross v. Blake, 578 U.S. 1174 (2016). However, the one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. As described by the Ross Court:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S. at 736, 738, 121 S.Ct. 1819. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859-60.

It is clear from the face of Plaintiff's complaint that he has not exhausted administrative remedies pursuant to the Prison Litigation Reform Act, 41 U.S.C. § 1997 (e)(a), before filing this lawsuit. On the form complaint, Plaintiff checks the box "no" in response to the questions whether there is an administrative remedy process at the institution, whether he submitted a request for administrative relief and whether he filed an appeal to the highest level of review. (Compl. at 3.) However, Plaintiff writes "I was at Wasco Reception Facility awaiting transfer back to main-line. No law library access and or legal knowledge." (Id.) Thus, Plaintiff concedes that the administrative remedies were not completed

prior to filing the instant action. Further, Plaintiff has failed to demonstrate that any of the circumstances set forth in Ross apply. Plaintiff's lack of legal knowledge that he was required to exhaust through all levels of administrative review before filing suit in federal court an exception. See Gurley v. Clark, 620 F. App'x 671, 673 (10th Cir. 2015) ("Lack of knowledge of the exhaustion requirement does not excuse an inmate's failure to exhaust administrative procedures."). In addition, Plaintiff's claim that he did not have access to the law library does not explain why or how the exhaustion process was not available to him to utilize prior to filing suit. Accordingly, Plaintiff shall be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust remedies prior to filing suit.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff shall show cause in writing within twenty-one (21) days of the date of service of this order as to why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit; and

2. The failure to respond to this order will result in a recommendation to a district judge to dismiss this action without prejudice.

IT IS SO ORDERED.

Dated: **September 30, 2021**

UNITED STATES MAGISTRATE JUDGE

4